IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARLYD SALORT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:21-cv-314 |
| | § | |
| | § | |
| AUSTIN PROPER JV, LLC | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff MARLYD SALORT ("Plaintiff") complains of AUSTIN PROPER JV, LLC,

and for her cause of action would show the Court as follows:

### I.

### INTRODUCTION

1.     This action seeks damages, attorneys' fees, expert fees, taxable costs of the court,

pre- judgment and post-judgment interest as a result of civilly wrongful conduct in violation of

the laws of the United States and the State of Texas, including Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. §1981, and the Texas Commission on Human Rights Act.

### II.

### PARTIES

2.     Plaintiff MARLYD SALORT is a resident of Travis County, Texas.

3.     Defendant AUSTIN PROPER JV, LLC is an entity which may be served with

process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900,

Dallas, Texas 75201-3136.

## III.

## JURISDICTION AND VENUE

4.      This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Texas Commission on Human Rights Act in accordance with those statutes' provisions against sex discrimination and retaliation. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of sex and on account of retaliation for participating in activity protected under Title VII and the Texas Commission on Human Rights Act.

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

6.      This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Travis County, Texas.

## IV.

## CONDITIONS PRECEDENT

7.      All conditions precedent have been performed or have occurred.

## V.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

8.      Marlyd Salort was hired by the Defendant in August 2019 as the Director of Housekeeping for Defendant's hotel which was scheduled to open in Austin in December 2019. In that role, her duties were to hire, train, and supervise the hotel's housekeeping staff.

9.      After she was hired, Ms. Salort had two weeks of training at one of Defendant's properties in California, and then moved her family to Austin to begin the job.  Soon after she began working at the hotel in Austin, she learned that the management had a policy that hiring non-English speakers was not allowed.  That policy eliminated a large portion of the mostly Latino candidate pool for housekeeping positions at the hotel.  Ms. Salort expressed concern about the policy, but the General Manager told her:  "this is a luxury property, and we're not going to hire people who don't speak English to work here, even in housekeeping."

10.     Ms. Salort talked to HR many times in October and November 2019 about her concerns about how this policy would affect their ability to staff the hotel.  She also told them that she thought the policy was discriminatory toward Latinos, and that she had observed management refuse to hire other qualified people of color as well.    On November 14, 2019, Respondent terminated Ms. Salort's employment.  At first, the manager told her it was for "performance" but then when Ms. Salort asked what the performance issues were, and her manager could not identify any performance issues, she told Ms. Salort that it was because she was "not happy" at the hotel and it was "not a good fit."

## VI.

## CAUSES OF ACTION

## COUNT ONE - RETALIATION UNDER TITLE VII

11.     Plaintiff filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission (EEOC) on February 3, 2020, within 180 days of her termination on November 14, 2019. Plaintiff received a notice of the right to sue from the EEOC dated January 13, 2021,  which is within 90 days of the filing of this Complaint.

12.     Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her gender and retaliated against for opposing gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

13.     Defendant is an employer within the meaning of Title VII.

14.     Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, becauseof such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

15.     Title VII of the Civil Rights Act of 1964 also states, in pertinent part, that "It shall be an unlawful employment practice for an employer to discriminate against any of his employees   . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

16.     Defendant intentionally retaliated against Plaintiff because of her opposition to Defendant's discriminatory conduct in its hiring and treatment of employees, and more specifically because of her opposition to Defendant's race and national origin discrimination.

17.     Defendant intentionally retaliated against Plaintiff in violation of Title VII by subjecting Plaintiff to the events described above, including but not limited to terminating her

employment. Defendant's decisions were motivated by Plaintiff's opposition to Defendant's discriminatory conduct. Plaintiff made a discrimination complaint and opposed a discriminatory practice by Defendant, and suffered adverse employment actions as a result. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

**COUNT TWO - RETALIATION**
**UNDER THE TEXAS COMMISSION ON HUMAN RIGHTS ACT**

18.     Defendant retaliated against Plaintiff for making discrimination complaints, for participating in a discrimination investigation or otherwise opposing race and national origin discrimination by the employer. See Texas Labor Code §21.055. Plaintiff's discrimination complaints were a determining or motivating factor in Defendant's employment decisions regarding Plaintiff, as described above, including the decision to terminate Plaintiff's employment.

**COUNT THREE - RETALIATION UNDER 42 U.S.C. § 1981**

19.     42 U.S.C. §1981 prohibits race discrimination in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.  42 U.S.C. §1981 also prohibits employers from retaliating against employees who oppose racially discriminatory conduct.

20.     Plaintiff is a member of a protected class and was selected for unfavorable treatment by Defendant, including being terminated from her employment as an Assistant Manager on July 3, 2019. There is no legitimate non-discriminatory reason for Defendant's actions, and if such a reason is propounded, it is a pretext. Unlawful retaliation against Plaintiff for opposing discrimination moved Defendant toward its decisions or was a factor that played a

part in Defendant's employment decisions as to Plaintiff. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## VII.

## DAMAGES

21.     As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

22.     Defendant intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

23.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

24.     A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendant, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals.

Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## IX.

## JURY DEMAND

25.    Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.    The Court assume jurisdiction of this cause;

2.    The Court award Plaintiff damages as specified above;

3.    The Court award Plaintiff reinstatement or, in the alternative, front pay.

4.    The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.    The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile


/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF